**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
**www.flmb.uscourts.gov**

| | |
|---|---|
| IN RE: | Chapter 11 Case, Subchapter V |
| ORLANDO INTERNATIONAL RESORT CLUB CONDOMINIUM ASSOCIATION, INC.,[1] | Case No. 6:25-bk-06813-GER |

Debtor.

_____/

| | |
|---|---|
| ORLANDO INTERNATIONAL RESORT CLUB CONDOMINIUM ASSOCIATION, INC. | Adv. Pro. No. _____ |

Plaintiff,

v.

FIRST AMERICAN TRUST, FSB, A FEDERAL SAVINGS BANK, AS TRUSTEE, DULY APPOINTED UNDER THE DECLARATION OF TRUST FOR THE CLUB WYNDHAM ACCESS VACATION OWNERSHIP PLAN., *et al.*[2]

Defendants.

_____/

**COMPLAINT TO AUTHORIZE SALE OF DEBTOR AND NON-DEBTOR CO-OWNERS' INTERESTS IN REAL PROPERTY PURSUANT TO 11 U.S.C. § 363(h)**

Plaintiff, Orlando International Resort Club Condominium Association, Inc. (the "Association", "Plaintiff" or "Debtor"), files this *Complaint to Authorize Sale of Debtor and Non-*

---

[1] The last four digits of the Debtor's tax identification number are 2126. The Debtor's primary place of business is 5353 Del Verde Way, Orlando, Florida 32819.

[2] A full list of Defendants is attached as Exhibit A to the Complaint, and simultaneously with the filing of this Complaint the Debtor has filed a motion seeking to use the shortened caption above.

1604935491.15

*Debtor Co-Owners' Interests in Real Property Pursuant to 11 U.S.C. § 363(h)* (the "Complaint") seeking relief pursuant to 11 U.S.C. § 363(h) against the defendants listed on **Exhibit A**,[3] attached to this Complaint and incorporated herein by reference (collectively, the "Defendants", "Record Owner Defendants" or "Owners"). In support of the Complaint, Plaintiff states and alleges as follows:

## PRELIMINARY STATEMENT

The Debtor is filing this Complaint seeking authority to sell the Property, which is described and defined below, including the interests of the Debtor and the Defendants in the Property. The Debtor is not seeking a monetary judgment against any of the Defendants in this Complaint; rather, the Debtor anticipates that each Defendant, subject to any setoff for amounts due to the Association and confirmation of their ownership interest, will receive money from the sale of the Property.

## THE PARTIES

1. The Debtor is a not-for-profit corporation organized under the laws of the State of Florida pursuant to a Certificate of Incorporation filed with the Secretary of State of Florida, in Official Records Book 3197 at Page 2352, et. seq., on October 30, 1980.

2. The Debtor was formed pursuant to a Declaration of Condominium Orlando International Resort Club I dated May 8, 1981, and recorded on May 29, 1981 in the Official Records Book 3197 at Page 2315 through 2388 of the public records of Orange County Florida, as amended by: (i) the First Amendment to Declaration recorded in Official Records Book 3213, page 1176; (ii) the Second Amendment to Declaration recorded in Official Records Book 3231, page 2549; (iii) the Third Amendment to Declaration recorded in Official Records Book 3262,

---

[3] Exhibit A lists the Defendants and their corresponding contract number. To the extent a Defendant has multiple contracts, they may be listed more than once on Exhibit A.

1604935491.15

page 1671; (iv) the Fourth Amendment to Declaration recorded in Official Records book 3266, page 2380; (v) the Fifth Amendment to Declaration recorded in Official records Book 3278; page 501; (vi) the Sixth Amendment to Declaration recorded in Official Records Book 3295, page 2785; (vii) the Seventh Amendment to Declaration recorded in Official Records Book 3302, page 2683; (viii) the Eighth Amendment to Declaration recorded in Official Records Book 3328, page 592; (ix) the Ninth Amendment to Declaration recorded in Official Records Book 3595, page 2658; (x) the Tenth Amendment to Declaration recorded in Official Records Book 4910, page 1976; (xi) the Eleventh Amendment to Declaration recorded in Official Records Book 4910, page 2044; (xii) the Twelfth Amendment to Declaration recorded in Official Records Book 4910, page 2050; and (xiii) the Thirteenth Amendment to Declaration; all of the foregoing recorded in the Public Records of Orange County, Florida (collectively referred to as the "Declaration of Condominium").

3. The Declaration of Condominium establishes the Debtor and submits the real property described in the Declaration of Condominium to a condominium form of ownership. The Declaration of Condominium identifies units, common elements, limited common elements, and relative ownership of same. Common elements are defined as the portion of the condominium property not included in the units.

4. The By-Laws of the Debtor reflect that the Debtor was organized and exists to administer the Orlando International Resort Club I, a condominium (the "Condominium") located in Orange County Florida. The original By-Laws were recorded on May 29, 1981, in the Official Records Book 3197 at Page 2359 through 2373 of the public records of Orange County Florida. Those By-Laws, as subsequently amended, are collectively referred to as the "By Laws".

5. On October 23, 2025 (the "Petition Date"), the Debtor commenced the main bankruptcy proceeding (the "Bankruptcy Case") by filing a voluntary petition for relief under

1604935491.15

chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Florida, Case No. 6:25-bk-06813-GER.

6.    As of the date of the Complaint, the Defendants and Debtor co-own 63 Units in the Property, each of which is composed of 52-unit weeks (the "Unit Weeks"), as tenants-in-common.

7.    The Defendants listed in Exhibit A are tenant-in-common owners of Unit Weeks (defined below) that are identified on the Debtor's books and records as of February 24, 2026.

## JURISDICTION AND VENUE

8.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334.

9.    This is a core proceeding pursuant to 28 U.S.C. § 157(a), (b)(2)(A), (N) and (O).

10.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

11.    The statutory predicates for the relief sought herein are sections 105(a) and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), including section 363(h), and rules 7001 et. seq. of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), including rule 7001(c).

## FACTUAL BACKGROUND

**A.    The Property**

12.    The property governed by the Debtor includes 63 condominium units together with a concomitant share of the common elements of the Condominium (each a "Unit" and collectively, the "Units") and is commonly known as 5353 Del Verde Way, Orlando, Florida (the "Property"). Common elements at the Property include a two-story reception and administration building, a one-story clubhouse, a pool and sports/tennis courts.

13.    As authorized by more than the required number of Owners prior to the Petition Date, (i) occupancy at the Property by Owners, guests and others was suspended as of around December 31, 2025, and (ii) collection of 2026 maintenance fees from Owners was suspended.

The Debtor, via its contract with a management company, continues to undertake tasks to maintain the Property as debtor-in-possession pursuant to Sections 1181 and 1184 of the Bankruptcy Code so that the Property can be sold for its highest and best value.

## B.    The Debtor's Ownership Structure

14.    Section 1 of Article II of the Debtor's By Laws provides that the owners of the Units are the members of the Debtor (collectively, "Association Members") and that transfer of Unit ownership shall terminate membership in the Debtor.

15.    The Declaration of Condominium created an interval form of ownership (the "Timeshare Plan") providing that "[i]nterval ownership is a concept whereby units and the share of the common elements assigned to the units are conveyed for periods of time, the purchaser receiving a stated time period for a period of years, together with a remainder . . . ." Declaration of Condominium I.X.1.

16.    There are 63 Units, each of which is composed of 52 Unit Weeks resulting in a total of 3,277 Unit Weeks.

17.    Debtor owns 63 Unit Weeks at the Property and a concomitant share of the common elements at the Property (the "Association Interest"). The Association Interest comprises 1.92% of the total Unit Weeks at the Property.  The Unit Weeks owned by the Debtor are sometimes referred to as the maintenance weeks. The Debtor owns the 63 referenced Unit Weeks as a tenant-in-common with all other Owners.

18.    Pursuant to Condominium Declaration, Art. XXIII, the Debtor owns at least one Unit Week in each Unit, as well as an undivided interest in all of the common areas.

19.    Defendants do not occupy the Units.

20.     Accordingly, no Defendant will be displaced from their home by the proposed sale of the Property.

21.     Pursuant to a Quit-Claim Deed dated November 15, 1983, International Resort Clubs, a Joint Venture ("IRC"), conveyed to the Debtor all the right title, interest and claim of IRC to the following real property at the Property: Unit Week 36 in Units 101, 102, 103, 201, 202, 203, 204, 205 and 206; Unit Week 37 in Units 104, 105, 106, 207, 208, 209, 210, 211, 212, 213 and 214; Unit Week 38 in Units 107, 108, 109, 110, 111, 215, 216, 217, 218, 219, 220, 221 and 222; Unit Week 39 in Units 112, 113, 114, 115, 223, 224, 225, 226, 227, 228, 229 and 230; Unit Week 40 in Units 116, 117, 118, 231, 232, 233, 234, 235 and 236; and Unit Week 41 in Units 119, 120, 121, 237, 238, 239, 240, 241 and 242, all in ORLANDO INTERNATIONAL RESORT CLUB I, a condominium according to the Declaration of Condominium thereof as recorded in Official Records Book 3197, Page 2315, Public Records of Orange County, Florida, and all amendments thereto.

22.     The Quit-Claim Deed to the Debtor was recorded on November 16, 1983, in the Official Records Book 3441 at Page 2794 of the public records of Orange County, Florida.

23.     Upon the filing of the Petition, the Association Interest owned by the Debtor became property of the bankruptcy estate pursuant to 11 U.S.C. § 541(a), and the Debtor is otherwise a tenant in common with the Record Owner Defendants.

24.     According to the books and records of the Debtor, as of February 24, 2026, (i) First American Trust, FSB, as Trustee, Duly Appointed Under the Declaration of Trust for the Club Wyndham Access Vacation Ownership Plan ("First American Trust, as Trustee") owned approximately 1,334 Unit Weeks at the Property, which is approximately 40.72% of the total, (ii) Wyndham Vacation Resorts, Inc. ("WVR") owned approximately 609 Unit Weeks at the Property,

which is approximately 18.59% of the total, and (iii) the remaining 1270 Unit Weeks (approximately 38.77% of the total) are owned by parties to corresponding contracts, with each Unit owned by these parties having its own separate corresponding contract.

25.     Exhibit A to this Complaint sets forth the name and contract number of the Record Owner Defendants, per the Debtor's books and records February 24, 2026, except that WVR, the Debtor, and certain Units held by First American Trust, as Trustee, do not have contract numbers associated with the Unit Weeks owned by those parties.

**C.     The Prospective Sale of the Property**

26.     On January 8, 2026, the Debtor filed its *Motion for Entry of an Order (I) (A) Approving Auction and Bidding Procedures, (B) Scheduling Bid Deadlines and an Auction, and (C) Approving the Form and Manner of Notice Thereof, and (II) (A) Authorizing the Sale of Assets and (B) Granting Related Relief* (Doc. No. 88) (the "Procedures Motion") seeking to establish procedures to market and sell the Property, including the Association Interest in the Property, together with the interests of First American Trust, as Trustee, WVR and all other Owners.

27.     On January 29, 2026, the Bankruptcy Court entered the *Order (I)(A) Approving Auction and Bidding Procedures, (B) Scheduling Bid Deadlines and an Auction, and (C) Approving the Form and Manner of notice Thereof, and (II)(A) Setting Hearing to Approve Sale of Assets and (B) Granting Related Relief* ) (Doc. No. 202) (the "Bid Procedures Order"). The Bid Procedures Order resolves the Defendants' rights under 11 U.S.C. § 363(i).

28.     Pursuant to the Bid Procedures Order, the Debtor is marketing the Property for sale. As of this date, the Debtor has not presented a proposed sale to the Bankruptcy Court for approval.

**D.     The Owner Consent to Sale**

1604935491.15

29.     In furtherance of the proposed sale of the entire Property, the Debtor sought the consent of each Association Member to the marketing and sale of such Association Member's undivided interest(s) in the Property.

30.     Specifically, on the Petition Date, the Debtor filed the *Expedited Motion for Entry of an Order: (A) Approving the Form and Manner of Notice of the Commencement of this Chapter 11 Case, (B) Approving Form of Stipulation and Consent Agreement Authorizing Marketing and Sale of Ownership Interest(s) by Debtor Pursuant to 11 U.S.C. 363(h), (C) Establishing Scope of Notice, and (D) Approving Service of Forms and Tabulation of Responses by Omni Agent Solutions, Inc.* [Doc. No. 10] (the "Motion to Approve Forms").

31.     In the Motion to Approve Forms, the Debtor sought Bankruptcy Court approval of the form (the "Member Consent") for Association Members to indicate their consent to the marketing and sale of their undivided interests in the Property, together with the marketing and sale of the undivided interests in the Property of Debtor and all other Owners.

32.     On November 4, 2025, the Bankruptcy Court granted the Motion to Approve Forms [Doc. No. 50] (the "Order Approving Forms"). Debtor, through its claims and noticing agent, Omni Agent Solutions, Inc. ("Omni"), served the Member Consent on each Association Member at its last-known address by United States first class mail, thereby soliciting such Owner's consent to the proposed sale of its undivided interest in the Property.

33.     As of February 24, 2026, approximately 986 Defendants have returned the Member Consent, a Stipulation and Consent Agreement Authorizing Marketing and Sale of Ownership Interests(s) by Debtor Pursuant to 11 U.S.C. § 363(h), consenting to the sale of their interests in

the Property pursuant to 11 U.S.C. § 363(h). A list of Defendants that have consented to a sale via the Member Consent is attached to this Complaint as **Exhibit B**.[4]

34.     First American Trust, as Trustee, which owned approximately 40.71% of the total Unit Weeks as of the February 24, 2026, returned the Member Consent consenting to the sale of its interests in the Property pursuant to 11 U.S.C. § 363(h).

35.     WVR, which owned approximately 18.58% of the total Unit Weeks as of February 24, 2026, returned the Member Consent consenting to the sale of its interests in the Property pursuant to 11 U.S.C. § 363(h).

36.     As of filing of the Complaint, 984 other Owners of Unit Weeks (representing 638 contracts) returned the Member Consent consenting to the sale of its interests in the Property pursuant to 11 U.S.C. § 363(h). It should be noted that not all Owners of these Units Weeks returned the Member Consent.  For example, in some cases a Unit Week may be owned by multiple Owners and not all Owners have returned the Member Consent.  However, 479 contracts have had all Owners return the Member Consent.

37.     Sale of the Property free and clear provides the ability to attain the highest and best offer for the bankruptcy estate and Owners.

**E.     Request for Permission to Sell Entire Property**

38.     This adversary proceeding is brought by Debtor seeking permission to sell the entire Property, including the tenant-in-common interests of the Debtor and the Defendants.

39.     A sale of the Property and the distribution of proceeds of any sale shall be subject to separate request(s) of the Debtor and judgments or orders of the Bankruptcy Court, including,

---

[4] Exhibit B lists the consenting Defendants and their corresponding contract number. To the extent a consenting Defendant has multiple contracts, they may be listed more than once on Exhibit B. Furthermore, some consenting members swapped their interest after entering into the consent and are no longer Record Unit Owners.

but not limited to, Debtor's *Plan of Liquidation* (Doc. No. 94) as may be amended (the "Plan")

and any Bankruptcy Court order confirming the Plan.

### COUNT 1 – SALE OF REAL PROPERTY PURSUANT TO 11 U.S.C. §363(h)
### (Against the Defendants as listed in Exhibit A)

40.     The Debtor repeats and realleges the allegations set forth in all preceding

paragraphs of this Complaint, as if set forth at length herein.

41.     The Debtor requests the Court enter judgment against the Defendants identified in

Exhibit A authorizing Debtor to sell the Debtor's interest in the Property together the Owners'

interests in the Property, pursuant to 11 U.S.C. § 363(h).

42.     As of the Petition Date, the Debtor and the Defendants co-owned the Property as

tenants-in-common.

43.     As of the Petition Date, the Debtor had an undivided interest in the Property as a

tenant-in-common.

44.     Partition in kind of the Property among Debtor and the Defendants is impracticable

because of the number of Owners and the timeshare structure of the Property.

45.     Sale of the Property free and clear of all the Debtor's and Defendants' interests will

result in a higher sale price then if the Debtor was forced to sell only the Association Interest.

46.     The benefit to the Debtor's bankruptcy estate of selling the Property free of the

interests of the Defendants in the Property outweighs the detriment, if any, to the Defendants –

none of whom are full-time occupants of the Units.

47.     Defendants' interests in the Unit Weeks will attach to the sales proceeds and shall

only be disbursed subject to judgments or orders of the Bankruptcy Court.

48. The Property is not used in the production, transmission, or distribution for sale, of electric energy or natural or synthetic gas for heat, light, or power.

49. All requirements for a sale pursuant to 11 U.S.C. § 363(h) are satisfied.

WHEREFORE, the Debtor respectfully requests that the Court enter a judgment in favor of Debtor against each Defendant:

(a) authorizing Debtor to sell the Debtor's interest in the Property together the Owners' interests in the Property, pursuant to section 363(h) of the Bankruptcy Code and rule 7001(c) of the Bankruptcy Rules, provided that any sale of the Property shall be subject to further order of the Bankruptcy Court pursuant to the Bid Procedures Order or otherwise;

(b) pursuant to section 363(j) of the Bankruptcy Code, directing that after a sale of the Property pursuant to section 363(h) of the Bankruptcy Code, the Debtor shall distribute to the Defendants according to their interests in the Property, as determined by further judgment or order of the Bankruptcy Court, the proceeds of such sale, less the costs and expenses of such sale, which costs and expenses shall include, but not be limited to, those reasonable costs and expenses (including professional fees) incurred by the Debtor in connection with the Procedures Motion, Bid Procedures Order, Motion to Approve Forms, Member Consent, Order Approving Forms, the sale of the Property and closing thereof, this Complaint and adversary proceeding, and the determination and distribution of sale proceeds. The amount of such costs and expenses (including professional fees) incurred by the Debtor to be deducted from the proceeds of a sale of the Property shall be determined by further order of the Bankruptcy Court; and

1604935491.15

(c)   granting the Debtor such other relief that this Bankruptcy Court deems just and equitable.

Dated: March 23, 2026

Respectfully submitted,

*/s/ Jeffrey T. Kucera*
Jeffrey T. Kucera
Carly S. Everhardt
**K&L GATES LLP**
Southeast Financial Center, Suite 3900
200 South Biscayne Blvd.
Miami, FL 33131
Telephone: (305) 539-3300
Email:   jeffrey.kucera@klgates.com
         carly.everhardt@klgates.com
- and -

Daniel M. Eliades (Admitted *pro hac vice*)
**K&L GATES LLP**
One Newark Center, Tenth Floor
Newark, NJ 07102
Telephone: (973) 848-4000
Email: daniel.eliades@klgates.com

R. Scott Shuker
Wendy Townsend
**SHUKER & DORRIS, P.A.**
121 South Orange Ave., Suite 1120
Orlando, FL 32801
Telephone:  (407) 337-2060
Email: rshuker@shukerdorris.com
         wtownsend@shukerdorris.com

*Counsel for Debtor and Debtor-in-Possession*

1604935491.15